UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARRIE M. HALL,

                    Plaintiff,

   v.

JUDGE JAMES J. STONIER, KEVIN RENTNOR, DANIEL MORGAN, JOHN DOE CORRECTIONS OFFICER, and JACK ROBARGE,

                    Defendants.

No. C11-5663 BHS/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. In her complaint, Plaintiff attempts to challenge her current incarceration in county jail, but she has not filed a personal restraint petition or direct appeal and has not exhausted her claims through the state process. ECF No. 5. Plaintiff attempts to raise the same claims in *Carrie M. Hall v. Cowlitz County Jail,* Case No. C11-5647BHS/JRC. In that case, she has been ordered to show cause why her application to proceed *in forma pauperis* should not be denied because the claims she attempts to raise have not been exhausted in state court and cannot proceed in federal court at this time. ECF No. 5 in Case No. C11-5647. Plaintiff cannot proceed in this case under those same claims and must show cause why the Court should not dismiss her case.

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

ORDER TO AMEND OR SHOW CAUSE- 2

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff purports to sue the judge and court appointed counsel involved in her criminal trial and a corrections officer for issuing disciplinary sanctions.  ECF No. 1-1, p. 3.  Plaintiff seeks immediate release and asks the Court to have all "charges dropped."  *Id.*

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).   State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

ORDER TO AMEND OR SHOW CAUSE- 3

As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Because Plaintiff seeks an earlier release from confinement, her action is not cognizable under 42 U.S.C. § 1983 and the proper course of action is to first challenge her incarceration in state court.  As her filing in Case No. C11-5647BHS/JRC illustrates, Plaintiff has not yet filed a direct appeal or personal restraint petition or exhausted her claims through the state process.

In addition, in order to recover under § 1983, a plaintiff must allege and prove that defendants acted under color of state law to deprive the plaintiff of a right secured by the Constitution or federal statute.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988).  Generally, private parties are not acting under color of state law. See *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991).  In this case, Plaintiff is attempting to sue her trial counsel.  However, it is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 317, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Rivera v. Green*, 775 F.2d 1381, 1384 (9th Cir.1985).  She also seeks to sue the trial judge.  However, judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Plaintiff also alleges that "Kevin Rentnor has placed [her] life in immediate danger." ECF No. 5 at 4.  She describes Kevin Rentnor as DOC corrections officer.  However, she fails to

ORDER TO AMEND OR SHOW CAUSE- 4

explain what he did to place her life in danger, when this occurred, and how this has violated her constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 18, 2011.**   If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, the amended complaint shall consist of a short and plain statement showing that she is entitled to relief, and she must allege with specificity the following:

1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2)   the dates on which the conduct of each defendant allegedly took place; and

3)   the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth the factual allegations in separately numbered paragraphs.  The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint.  Plaintiff shall present the complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and the cause number used in this case must be written in the caption.  Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Plaintiff decides to file an amended civil rights complaint in this action, she is cautioned that if the amended complaint is not timely filed or if she fails to adequately address the issues raised herein on or before **November 18, 2011**, the Court will recommend dismissal of

ORDER TO AMEND OR SHOW CAUSE- 5

this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  17th  day of October, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6