UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARRIE M. HALL,

     Plaintiff,

 v.

JUDGE JAMES J. STONIER, KEVIN RENTNOR, DANIEL MORGAN, JOHN DOE CORRECTIONS OFFICER, and JACK ROBARGE,

     Defendants.

No. C11-5663 BHS/KLS

**SECOND ORDER TO SHOW CAUSE**
Noted for:  January 27, 2012

  This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4.  In her original complaint, Plaintiff attempted to challenge her current incarceration in county jail, but it is clear that she has not filed a personal restraint petition or direct appeal and has not exhausted her claims through the state process.  ECF No. 5.  Plaintiff attempted to raise the same claims in *Carrie M. Hall v. Cowlitz County Jail,* Case No. C11-5647BHS/JRC.  In that habeas case, she was ordered to show cause why her application to proceed *in forma pauperis* should not be denied because she had not yet exhausted her state court claims.  In that case she was also attempting to raise claims relating to the conditions of her confinement.  ECF No. 5 in Case No. C11-5647.  That case has since been dismissed.  ECF No. 9 in Case No. C11-5647.

  In this 42 U.S.C. § 1983 case, Plaintiff has been advised that she cannot proceed under the same claims that she attempted to raise in Case No. C11-5647 and was directed to show

ORDER TO AMEND OR SHOW CAUSE- 1

cause why the Court should not dismiss this case. ECF No. 6. Here, Plaintiff again purported to sue the judge, the district attorney, and court appointed counsel involved in her criminal trial and a corrections officer for issuing disciplinary sanctions. ECF No. 1-1, p. 3. However, she has not filed a personal restraint petition with the Washington State Court of Appeals and she has not filed any pleadings with the Washington State Supreme Court. None of her issues relating to her criminal trial and commitment are exhausted. Plaintiff also alleged that her DOC corrections officer, "Kevin Rentnor has placed [her] life in immediate danger." ECF No. 5 at 4. However, she failed to explain what he did to place her life in danger, when this occurred, and how this violated her constitutional rights. The Court provided Plaintiff with an opportunity to amend her complaint to state a cognizable claim under § 1983.

The Court has reviewed Plaintiff's Amended Complaint (ECF No. 7) and finds that it suffers from the same deficiencies. However, the Court will provide Plaintiff with one additional opportunity to amend her complaint as to the conditions of her confinement at the Cowlitz County Jail.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v.*

ORDER TO AMEND OR SHOW CAUSE- 2

*Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.

In her Amended Complaint, Plaintiff again purports to sue the Cowlitz County judge, court appointed attorney, prosecutor, probation officer, and prosecutor who were involved in her state court case.  However, she has twice been advised – first by the Court in Case No. C11-5647BHS/JRC and by this Court, that she *cannot* pursue these claims in federal court at this time.  She may not attack the validity of her state court judgment in federal court until she has first filed a petition in the Washington state courts of appeal.   There is also a question of whether Plaintiff's state court case is ongoing.  If it is, this Court will not intervene in ongoing state

ORDER TO AMEND OR SHOW CAUSE- 3

proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971);  see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

In this case, which Plaintiff filed as a Section 1983 case, Plaintiff may bring claims that relate to the conditions of her confinement.  In that regard, Plaintiff alleges that Kevin Rentnor took away her mental health medications and refused to provide her with housing.  She also claims that a Sgt. Belcher tazed her while she was in the shower.  However, the only relief she seeks is "all charges dropped, release, a new DOC officer."  ECF No. 7.

As Plaintiff has previously been advised, a Section 1983 case is not the vehicle to seek release from physical imprisonment.  She must look first to the state courts for that remedy.  A Section 1983 case is the appropriate vehicle to seek damages for the deprivation of a constitutional right secured by the Constitution or federal statute.

In that regard, Plaintiff is advised that the Eighth Amendment standards for claims of excessive force against inmates by prison officials are well-established.  In determining whether the use of force against a prisoner violates the Eighth Amendment, the core inquiry is whether the force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 999, 117 L.

ORDER TO AMEND OR SHOW CAUSE- 4

Ed. 2d 156 (1992). In order to determine whether force is excessive and violative of the Eighth Amendment, the court must evaluate both the objective and subjective components of the alleged violation. *Id.* Therefore, the extent of the injury suffered by the Plaintiff is a relevant but not dispositive factor in determining whether the force used was appropriate. *Id.* However, the Eighth Amendment does not reach *de minimis* uses of physical force. *Id.*

The subjective component relates to whether or not the defendants had a wanton state of mind when they engaged in the use of force. In evaluating whether the use of force was wanton or unnecessary, the court should consider the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the defendants, and any efforts made to temper the severity of a forceful response. *Id.*

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **January 27, 2012.** If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, the amended complaint shall consist of a short and plain statement showing that she is entitled to relief, and she must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth the factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present the complaint on the form provided by the Court.

ORDER TO AMEND OR SHOW CAUSE- 5

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and the cause number used in this case must be written in the caption.  Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named Defendant.

If Plaintiff decides to file an amended civil rights complaint in this action, she is cautioned that if the amended complaint is not timely filed or if she fails to adequately address the issues raised herein on or before **January 20, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this   3rd   day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6